06-4541-cr
United States v. Gagliardi

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2007
(Argued: September 4, 2007     Decided: October 22, 2007)
Docket No. 06-4541-cr

-------------------------------------------------------x

UNITED STATES OF AMERICA,

Appellee,

-- v. --

FRANK GAGLIARDI,

Defendant-Appellant.

-------------------------------------------------------x

B e f o r e :  WALKER, CALABRESI, and SACK, Circuit Judges.

Appeal by Defendant Frank Gagliardi from a judgment of conviction of one count of attempt to entice a minor to engage in illegal sexual activity pursuant to 18 U.S.C. § 2422(b), entered in the United States District Court for the Southern District of New York (Sidney H. Stein, Judge).  Because we find that § 2422(b) does not require the involvement of an actual minor and that the statute is neither vague nor overbroad, the judgment is AFFIRMED.

MICHAEL S. POLLOK, New York, N.Y., for Defendant-Appellant.

MARGARET GARNETT, Assistant United States Attorney, of counsel, (Benjamin Gruenstein, Assistant United States

Attorney, of counsel, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

JOHN M. WALKER, JR., Circuit Judge:

Defendant-Appellant Frank Gagliardi appeals from his conviction on one count of attempting to entice a minor to engage in prohibited sexual activity in violation of 18 U.S.C. § 2422(b). He argues that § 2422(b) requires an actual minor victim and is unconstitutionally vague and overbroad. In the instant case, the targets of Gagliardi's attempted enticement were not actual minors but adults posing as minors. We now join several other circuits in holding that 18 U.S.C. § 2422(b) does not require that the enticement victim be an actual "individual who has not attained the age of 18 years" and is neither unconstitutionally vague nor overbroad. Because Gagliardi's other arguments challenging his conviction are without merit, we affirm the judgment of conviction.

**BACKGROUND**

On July 7, 2005, Gagliardi, then sixty-two years old, entered an Internet chat room called "I Love Older Men" and initiated an instant-message conversation with "Lorie," an adult government informant posing as a thirteen-year-old girl under the screen name "Teen2HoT4u." The informant was a private citizen who had previously assisted the Federal Bureau of Investigation

-2-

("FBI") in identifying child predators on the Internet. During this initial conversation, Gagliardi tried to verify that Lorie was in fact thirteen years old and broached the topic of sex.

Gagliardi contacted Lorie again on August 29, 2005 and had the first of many online conversations in which he expressed his desire to have sex with her and used sexually explicit language to describe the acts he wished to perform with her. Gagliardi even offered to pay Lorie $200 to have sex with him, before telling her, "I want to meet you . . . make love to me anytime . . . no strings attached." In the following weeks, Gagliardi repeatedly tried to convince Lorie to meet him in person, asking her to "tell me where is good for you, I come to pick you up," or offering to meet her in a public place.

On September 1, 2005, Lorie indicated that she was "scared" to meet Gagliardi alone and suggested that he contact her thirteen-year-old friend Julie. "Julie" was in fact FBI Special Agent Austin Berglas, who was working in collaboration with the informant. Gagliardi suggested that the two girls come together to meet him, telling Lorie, "I will dream about you 2 all night." On September 16, 2005, Gagliardi e-mailed Lorie a picture of himself, and the informant sent him a photograph that was taken of her when she was approximately thirteen.

Taking up Lorie's suggestion, Gagliardi e-mailed Julie, introducing himself as a friend of Lorie, asking for her picture,

and requesting that she accompany Lorie if they ever set up a meeting.  On September 29, 2005, Gagliardi initiated an instant-message chat with Julie during which he asked if she was willing to meet him and described the sexual activities that they could engage in.

Gagliardi subsequently arranged to meet Lorie and Julie in lower Manhattan on the morning of October 5, 2005.  FBI agents placed the pre-arranged meeting place under surveillance and arrested Gagliardi as he waited in his car.  After being advised of and agreeing to waive his Miranda rights, Gagliardi admitted to the agents that he was at the location to meet two thirteen-year-old girls with whom he had previously had sexually explicit online conversations; he denied, however, that he intended to have sex with them.  During a post-arrest inventory search of Gagliardi's car, the agents found two condoms and a Viagra pill.  Gagliardi was charged with attempt to entice, induce, or persuade a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).

At trial, the government relied on the testimony of the informant and Agent Berglas, together with Gagliardi's electronic communications with "Lorie" and "Julie."  Gagliardi moved to dismiss the indictment on the grounds that: (1) the involvement of an actual minor was a prerequisite to a conviction under 18 U.S.C. § 2422(b); (2) the statute was unconstitutionally vague;

-4-

and (3) the evidence was insufficient to show that Gagliardi had committed an attempt.

The district court (Sidney H. Stein, <u>Judge</u>) denied the motion. <u>See</u> <u>United States v. Gagliardi</u>, No. 05 CR 1265(SHS), 2006 WL 1459850 (S.D.N.Y. May 26, 2006). The district court concluded that § 2422(b) did not require an actual minor victim because the statute provided for criminal liability for <u>attempted</u> enticement of a minor, and one could demonstrate that Gagliardi had the intent and took a substantial step toward committing the crime, as required for attempt liability, even though it was factually impossible for him to commit the substantive offense. <u>See</u> <u>id.</u> at *2. It also concluded that the evidence at trial was, in fact, sufficient to demonstrate the elements of intent and substantial step. <u>See</u> <u>id.</u> at *6. The district court further determined that the statute was not unconstitutionally vague because it was sufficiently definite to provide notice to an ordinary person of what conduct was prohibited. <u>See</u> <u>id.</u> at *3.

On May 16, 2006, Gagliardi was convicted by a jury and sentenced to the mandatory minimum imprisonment term of sixty months. The defendant moved to set aside the verdict on the basis of government entrapment and insufficiency of evidence. The district court denied the motion, reasoning that "[e]ven if Gagliardi had adduced enough credible evidence of inducement that no rational trier of fact could have concluded that the

-5-

government did not induce the crime, a rational juror could nevertheless have rejected Gagliardi's entrapment defense by finding that he was predisposed to commit the crime." United States v. Gagliardi, No. 05 CR 1265(SHS), 2006 WL 2597895, at *2 (S.D.N.Y. Sept. 7, 2006).  With respect to the sufficiency of the evidence, the court found that based on Gagliardi's numerous sexually explicit communications with Lorie and Julie, his exchange of photographs, and his arrival at the pre-arranged meeting place with condoms and Viagra, a rational juror could have concluded that Gagliardi had the requisite intent and took a substantial step toward commission of the crime.  See id. at *2-3.  This appeal followed.

**DISCUSSION**

Gagliardi raises six issues on appeal.  He contends that the plain meaning of 18 U.S.C. § 2422(b) requires that the victim of enticement or attempted enticement be an actual minor and that, because the informant and Agent Berglas were adults posing as minors, his conviction cannot stand; that § 2422(b) is unconstitutionally vague and overbroad; that § 2422(b)'s mandatory minimum sentence violates the separation of powers doctrine or that its imposition in his case resulted from prosecutorial sentencing manipulation; that reversal is required because his conduct could only be construed as conspiring to attempt to violate the law, an offense that is "legally

impossible" to commit when the co-conspirators are all government decoys, Appellant's Br. at 45; that the evidence at trial was insufficient to support a conviction for attempted enticement or to defeat his entrapment defense; and that the district court erred in admitting into evidence e-mails and transcripts of his instant message chats without sufficient authentication.

**I.    Involvement of an "Actual Minor"**

Section 2422(b) of Title 18 imposes criminal liability on anyone who "knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so."  18 U.S.C. § 2422(b).  Gagliardi argues that the statute's plain meaning and legislative history unambiguously indicate Congress's intent to criminalize such conduct only when directed toward an actual minor.

To support his argument, Gagliardi points to Congress's rejection of a 1998 amendment to § 2422(b) that would have expanded the statute to reach a defendant who subjectively believed that the target of his enticement was a minor.  Compare H.R. Rep. No. 105-557, at 2 (1998), reprinted in 1998 U.S.C.C.A.N. 678, 678 (proposing an amendment that would extend to one who "knowingly contacts an individual, who has been represented to the person making the contact as not having

attained the age of 18 years"), with Protection of Children from Sexual Predators Act of 1998, Pub. L. No. 105-314, § 102, 112 Stat. 2974, 2975-76 (amending § 2422(b) without this change). He contends that in refusing to expand the statute in this manner, Congress "made clear that 18 U.S.C. § 2422(b) only criminalizes an attempt involving a minor."  Appellant's Br. at 33-34.

Gagliardi also infers from a proposed 2005 amendment that would "allow law enforcement officers to represent themselves as minors on the Internet to better protect America's children from sexual predators,"  151 Cong. Rec. S9833 (daily ed. Sept. 8, 2005), that "Congress does not believe that 18 U.S.C. § 2422(b) applies to undercover law enforcement officials or cooperating witnesses representing themselves as being under the age of 18." Appellant's Br. at 35.  He argues that such a proposal would be unnecessary if the statute already applied to government decoys. We disagree.

As an initial matter, we note that Gagliardi's argument has been squarely rejected by the six other circuits to have considered the issue, and for sound reasons.  See, e.g., United States v. Hicks, 457 F.3d 838, 841 (8th Cir. 2006) ("[A] defendant may be convicted of attempting to violate § 2422(b) even if the attempt is made towards someone the defendant believes is a minor but who is actually not a minor."); United States v. Tykarsky, 446 F.3d 458, 466 (3d Cir. 2006) ("Congress

did not intend to allow the use of an adult decoy, rather than an actual minor, to be asserted as a defense to § 2422(b)."); see also United States v. Sims, 428 F.3d 945, 960 (10th Cir. 2005); United States v. Meek, 366 F.3d 705, 717-20 (9th Cir. 2004); United States v. Root, 296 F.3d 1222, 1227-29 (11th Cir. 2002); United States v. Farner, 251 F.3d 510, 513 (5th Cir. 2001).

In interpreting a statute, we look first to its text to determine "'whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" In re Med Diversified, Inc., 461 F.3d 251, 255 (2d Cir. 2006) (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997)). Section 2422(b) explicitly proscribes attempts to entice a minor, which suggests that actual success is not required for a conviction and that a defendant may thus be found guilty if he fails to entice an actual minor because the target whom he believes to be underage is in fact an adult. See Tykarsky, 446 F.3d at 467 ("The attempt provision is . . . most naturally read to focus on the subjective intent of the defendant, not the actual age of the victim."); Meek, 366 F.3d at 718.

In arguing that he could not have completed the intended crime of enticement because extraneous circumstances unknown to him rendered completion impossible, Gagliardi essentially asserts a defense of factual impossibility. We have held, however, that

"factual impossibility is not a defense to a charge of attempt in substantive criminal law." United States v. Weisser, 417 F.3d 336, 352 (2d Cir. 2005).

Gagliardi's two arguments from the statute's legislative history are similarly unpersuasive. Cf. United States v. Craft, 535 U.S. 274, 287 (2002) ("[F]ailed legislative proposals are 'a particularly dangerous ground on which to rest an interpretation of a prior statute . . . .'" (quoting Pension Benefit Guar. Corp. v. LTV Corp., 496 U.S. 633, 650 (1990))). His proposed interpretation of that history provides just one possible reading of Congress's intent. As to Gagliardi's first argument, the fact that Congress rejected a supplemental provision to § 2422(b) that would have specifically covered individuals who represented themselves as being minors is not conclusive evidence that Congress meant to affirmatively exclude those individuals. It is equally possible that Congress did not adopt the amendment because it believed that the text of § 2422(b), expressly proscribing the attempt, was sufficient to include victims believed to be minors. See Pension Benefit Guar. Corp., 496 U.S. at 650 ("Congressional inaction lacks persuasive significance because several equally tenable inferences may be drawn from such inaction, including the inference that the existing legislation already incorporated the offered change." (internal quotation marks omitted)).

As to Gagliardi's second argument, the fact that two legislators proposed a bill in 2005 to explicitly expand § 2422(b) is hardly dispositive of the intent of Congress as a whole concerning the statute's scope. Congress could have been aware that several circuits had already interpreted § 2422(b) to include adults posing as minors and found no need to amend the statute. See Lorillard v. Pons, 434 U.S. 575, 580 (1978) ("Congress is presumed to be aware of . . . [a] judicial interpretation of a statute . . . ."); United States v. Gagliardi, No. 05 CR 1265(SHS), 2006 WL 1459850, at *4 (S.D.N.Y. May 26, 2006) (noting that Congress has failed to move forward on the proposed legislation). Thus, Gagliardi's arguments on this score are unconvincing.

At the time of § 2422(b)'s 1998 amendment, the House Judiciary Committee pointed out that

> law enforcement plays an important role in discovering child sex offenders on the Internet before they are able to victimize an actual child. Those who believe they are victimizing children, even if they come into contact with a law enforcement officer who poses as a child, should be punished just as if a real child were involved. It is for this reason that several provisions in this Act prohibit certain conduct involving minors and assumed minors.

H.R. Rep. No. 105-557, at 19. The interpretation advanced by Gagliardi would effectively remove the "sting" from the government's sting operations, preventing undercover officers from obtaining a conviction, or it would require them to use an actual child as a decoy, which they would obviously be reluctant

to do.  Cf. Tykarsky, 446 F.3d at 468 ("It is common knowledge that law enforcement officials rely heavily on decoys and sting operations in enforcing solicitation and child predation crimes such as § 2422(b).  We consider it unlikely that Congress intended to prohibit this method of enforcement.").  Because such a result would significantly impede legitimate enforcement of the statute, and because the statute's language is clear, we reject Gagliardi's interpretation and join the Third, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits in holding that the involvement of an actual minor is not a prerequisite to an attempt conviction under § 2422(b).

**II.  Vagueness and Overbreadth**

Gagliardi next argues that § 2422(b) is vague and overbroad on its face and as applied.  He contends that the statute is unconstitutionally vague because it does not define the terms "attempt," "persuade," "induce," "entice," or "coerce," and ordinary people could differ in their interpretation of the meaning of these words.  He contends that the statute is overbroad because it suppresses protected speech by infringing on the right of an adult "to freely engage in fantasy speech with other adults."  Appellant's Br. at 38.  We reject both challenges and now join the five other circuits that have already done so. See, e.g., Tykarsky, 446 F.3d at 472-73; United States v. Thomas, 410 F.3d 1235, 1243-44 (10th Cir. 2005); Meek, 366 F.3d at 722;

-12-

United States v. Panfil, 338 F.3d 1299, 1301 (11th Cir. 2003); United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000).

A penal statute is not void for vagueness if it defines the offense (1) "with sufficient definiteness that ordinary people can understand what conduct is prohibited" and (2) "in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983); see also Connally v. Gen. Constr. Co., 269 U.S. 385, 391 (1926). Section 2422(b) satisfies both of these requirements.

The words "attempt," "persuade," "induce," "entice," or "coerce," though not defined in the statute, are words of common usage that have plain and ordinary meanings. See Tykarsky, 446 F.3d at 473; Panfil, 338 F.3d at 1301. Although, as Gagliardi argues, there may be some uncertainty as to the precise demarcation between "persuading," which is criminalized, and "asking," which is not, this uncertainty is not cause for constitutional concern because the statute's terms are sufficiently definite that ordinary people using common sense could grasp the nature of the prohibited conduct. See Tykarsky, 446 F.3d at 473; cf. United States v. Cullen, 499 F.3d 157, 163, (2d Cir. 2007) ("Although we recognize in many English words there lurk uncertainties, to meet the fair warning prong an ounce of common sense is worth more than an 800-page dictionary." (citation omitted)).

The statute also establishes the requisite minimal guidelines to prevent arbitrary or discriminatory enforcement, see Kolender, 461 U.S. at 358, in that it applies only to those who "knowingly" engage in the prohibited conduct. This scienter requirement narrows the scope of § 2422(b) as well as the ability of prosecutors and law enforcement officers to act based on their own preferences. See Panfil, 338 F.3d at 1301.

We likewise reject Gagliardi's overbreadth argument. "The overbreadth doctrine prohibits the Government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process." Ashcroft v. Free Speech Coal., 535 U.S. 234, 255 (2002). Gagliardi contends that § 2422(b) impermissibly suppresses fantasy speech with adults who happen to be posing as minors. Yet the statute punishes the act of enticing or attempting to entice a minor when it is knowingly done; it does not implicate speech. Moreover, when fantasy speech is directed toward an adult believed to be a minor, it is, in effect, the vehicle through which a pedophile attempts to ensnare a victim, cf. Meek, 366 F.3d at 721, and we have held, unremarkably, that "'[s]peech is not protected by the First Amendment when it is the very vehicle of the crime itself,'" United States v. Rowlee, 899 F.2d 1275, 1278 (2d Cir. 1990) (citation omitted); see also Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 498 (1949) ("It rarely has been suggested that the

-14-

constitutional freedom for speech and press extends its immunity to speech or writing used as an integral part of conduct in violation of a valid criminal statute."). By Gagliardi's own admission in his brief, "there is no First Amendment right to persuade minors to engage in illegal sex acts," Appellant's Br. at 38; see also Tykarsky, 446 F.3d at 473; there is likewise no First Amendment right to persuade one whom the accused believes to be a minor to engage in criminal sexual conduct.

Because no protected speech would be chilled by § 2422(b), and because the statute's terms are sufficiently unambiguous, we conclude that § 2422(b) is not unconstitutionally vague or overbroad.

## III. Gagliardi's Remaining Challenges

### A. Separation of Powers and Sentencing Manipulation

Gagliardi contends that § 2422(b) is unconstitutional as applied to him because its application violated the separation of powers doctrine, and that his conviction should therefore be reversed. Specifically, Gagliardi argues that because the offense carries a mandatory minimum sentence, the prosecutor's charging discretion has sentencing implications and thus constitutes executive interference with a judicial function. In addition, he claims that the imposition of the mandatory minimum sentence was the result of sentencing manipulation, in that the government deliberately selected the age of thirteen for its

-15-

decoys to maximize the probability of conviction, and asks us to remand for resentencing. Both of these arguments are without merit. First, the executive branch's discretion to charge an offense that carries a mandatory minimum does not result in executive aggrandizement at the expense of the judiciary. See United States v. Jimenez, 451 F.3d 97, 102 (2d Cir. 2006) (per curiam) ("[M]andatory minimums have taken on increased significance after Booker -- in that they remain binding on the district courts and work to restrain their newly acquired discretion . . . .").

Second, this Court has not yet recognized the doctrine of sentencing manipulation, which occurs "'when the government engages in improper conduct that has the effect of increasing the defendant's sentence.'" United States v. Gomez, 103 F.3d 249, 256 (2d Cir. 1997) (quoting United States v. Okey, 47 F.3d 238, 240 (7th Cir. 1995)). It has, however, suggested that if a departure based on sentencing manipulation were valid, "it would likely require a showing of 'outrageous' government conduct," United States v. Bala, 236 F.3d 87, 93 (2d Cir. 2000). Even if we were to assume that sentencing manipulation is a valid departure ground, Gagliardi has not made the requisite showing in this case. There is nothing outrageous about the government's decision to have its decoys present themselves as age thirteen, rather than fourteen or sixteen.

**B.   Conspiracy**

Gagliardi next asks us to reverse his conviction because his conduct could only be properly construed as a conspiracy to attempt to violate § 2422(b), and finding such a conspiracy is legally impossible in this case because the requisite criminal agreement is absent when both co-conspirators are government decoys.  See United States v. Andrades, 169 F.3d 131, 135 (2d Cir. 1999).  He contends that it was improper for the government, knowing that it could not obtain a conviction for conspiracy, to charge him with attempt instead.  This argument is frivolous on its face.  There is no requirement that the government charge a defendant with a crime that he did not commit instead of or in addition to one that he did commit.  See United States v. Bonnet-Grullon, 212 F.3d 692, 701 (2d Cir. 2000), superseded by statute on other grounds, Prosecutorial Remedies and Other Tools To End the Exploitation of Children Today (PROTECT) Act of 2003, Pub. L. No. 108-21, 117 Stat. 650, as recognized in United States v. Leiva-Deras, 359 F.3d 183 (2d Cir. 2004) ("It is well established that the decision as to what federal charges to bring against any given suspect is within the province of the Executive Branch of the government.").

Gagliardi further contends that the district court erred in failing to "instruct[] the jury on conspiracy as a lesser included (and legally impossible) offense."  Appellant's Br. at

-17-

51. Putting aside the fact that there is no evidence in the record that Gagliardi even requested such an instruction at trial, this argument fails because conspiracy to attempt a crime is not a lesser included offense of attempt. We have stated that, "for an uncharged offense to be 'included,' all of its elements must also be elements of the offense charged." United States v. Giampino, 680 F.2d 898, 901 (2d Cir. 1982). Gagliardi admits in his own brief that "'[a]n attempt requires but one person for the offense; a conspiracy requires at least two. A conspiracy also requires an agreement; an attempt does not.'" Appellant's Br. at 52 (quoting United States v. Madonna, 582 F.2d 704, 705 (2d Cir. 1978) (per curiam)). Thus, the district court did not err in failing to give the jury a lesser included offense charge.

### C. Sufficiency Challenges

#### 1. Entrapment

The first of Gagliardi's two attacks on the sufficiency of the evidence pertains to the entrapment defense, under which a defendant must first prove government inducement by a preponderance of the evidence. The burden then shifts to the government to show that the defendant was predisposed to commit the crime beyond a reasonable doubt. See United States v. Brand, 467 F.3d 179, 189 (2d Cir. 2006), cert. denied, 127 S. Ct. 2150 (2007). Gagliardi argues that the evidence was insufficient to

-18-

prove predisposition because he had no history of engaging in the illegal conduct.

"A defendant challenging the sufficiency of trial evidence 'bears a heavy burden,' and the reviewing court must 'view the evidence presented in the light most favorable to the government'" and draw all reasonable inferences in the government's favor. United States v. Giovannelli, 464 F.3d 346, 349 (2d Cir. 2006) (per curiam) (citation omitted), cert. denied, --- S. Ct. ----, 76 U.S.L.W. 3009 (2007). The jury's verdict will be affirmed unless "'no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt.'" Id. (quoting United States v. Schwarz, 283 F.3d 76, 105 (2d Cir. 2002)).

Viewing the evidence in the light most favorable to the government, Gagliardi's sufficiency challenge fails. A rational trier of fact could have found beyond a reasonable doubt that Gagliardi was predisposed to commit the offense. Predisposition can be shown by evidence of a pre-existing design to commit the crime or a ready response to the inducement. See United States v. Salerno, 66 F.3d 544, 547 (2d Cir. 1995). Here, the defendant chose to enter a chat room conspicuously labeled "I Love Older Men," contacted Lorie without solicitation after discovering from her online profile that she was thirteen, offered to pay Lorie to have sex with him after just one conversation, vividly described

the sexual acts he wished to perform with her, and attempted on numerous occasions to set up a meeting with her. Thus, even if Gagliardi could establish government inducement, and even if he had never before exhibited pedophilic tendencies, there was sufficient evidence for a reasonable juror to conclude that he stood ready and willing to violate § 2422(b). See Brand, 467 F.3d at 189-95 (discussing similar factual circumstances and finding the evidence sufficient to establish predisposition).

### 2. Criminal Attempt

Gagliardi's second attack on the sufficiency of trial evidence pertains to the elements required for an attempt conviction. To establish attempt, the government must prove that a defendant had the intent to commit the underlying crime and that he took a substantial step toward its completion. See, e.g., id. at 202. Gagliardi contends that the government failed to prove both of these elements beyond a reasonable doubt. This argument is meritless.

In United States v. Brand, in answering a similar sufficiency challenge, we discussed several facts supporting a finding that the defendant attempted to entice a minor to engage in sexual activity. See id. We noted that intent was shown by the fact that the defendant initiated contact with the two victims in a chat room suggestively entitled "I Love Older Men," that he repeatedly made sexual advances toward both girls and

-20-

asked for their pictures, that he continuously steered the conversation in the direction of sexual contact and described the sexual acts that he would engage in with them, and that he repeatedly attempted to set up a meeting with one of them. See id. at 202-04. Finally, we found that the defendant took a substantial step toward the completion of the crime because he actually went to the designated meeting place with condoms in the glove compartment of his car. See id. at 204.

The same facts are present here. Gagliardi initiated contact with Lorie in the same chat room as in Brand, repeatedly made sexual advances toward Lorie and Julie, asked them for their pictures, steered the conversation toward sexual activities, described the acts that he would engage in with them, tried to set up a meeting with both of them, and appeared for a meeting with condoms and a Viagra pill in his car. This evidence was easily sufficient for a reasonable juror to have found beyond a reasonable doubt that Gagliardi had the requisite intent to violate § 2422(b). A reasonable juror could also have found that Gagliardi took a substantial step beyond mere preparation when he arrived at the meeting place with two condoms and a Viagra pill in his car. See also United States v. Munro, 394 F.3d 865, 870 (10th Cir. 2005). In light of this conclusion, there is no need for us to reach the government's argument that because the conviction was for attempt to entice rather than attempt to

engage in a prohibited sexual act, the substantial step occurred well before Gagliardi appeared at the designated meeting place, when he repeatedly solicited Lorie and Julie over the Internet.

### D. Authentication of Documents

Gagliardi's final claim is that the e-mails and transcripts of instant-message chats offered by the government were not properly authenticated. He argues that because the documents were largely cut from his electronic communications and then pasted into word processing files, they were not originals and could have been subject to editing by the government. Gagliardi contends that the communications could even have been completely fabricated. Due to these "highly suspicious" circumstances, Appellant's Br. at 72, Gagliardi submits that the government failed to establish authenticity and the trial court therefore erred in admitting the evidence. We disagree.

We review a district court's evidentiary rulings for abuse of discretion. Reilly v. Natwest Mkts. Group Inc., 181 F.3d 253, 266 (2d Cir. 1999). The bar for authentication of evidence is not particularly high. United States v. Dhinsa, 243 F.3d 635, 658 (2d Cir. 2001). "The requirement of authentication . . . is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Generally, a document is properly authenticated if a reasonable juror could find in favor of authenticity. United

States v. Tin Yat Chin, 371 F.3d 31, 38 (2d Cir. 2004). The proponent need not "rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." United States v. Pluta, 176 F.3d 43, 49 (2d Cir. 1999) (internal quotation marks and citation omitted).

We have stated that the standard for authentication is one of "reasonable likelihood," id. (internal quotation marks and citation omitted), and is "minimal," Tin Yat Chin, 371 F.3d at 38. The testimony of a witness with knowledge that a matter is what it is claimed to be is sufficient to satisfy this standard. See Fed. R. Evid. 901(b)(1). In this case, both the informant and Agent Berglas testified that the exhibits were in fact accurate records of Gagliardi's conversations with Lorie and Julie. Based on their testimony, a reasonable juror could have found that the exhibits did represent those conversations, notwithstanding that the e-mails and online chats were editable. The district court did not abuse its discretion in admitting the documents into evidence.

## CONCLUSION

For the foregoing reasons, the judgment of conviction is AFFIRMED.