view.[1]

**UNITED STATES of America,
Appellee,**

v.

**Donald J. ROBINSON, Defendant–
Appellant.**

No. 07–2813–cr.

United States Court of Appeals,
Second Circuit.

Dec. 2, 2008.

Irving Cohen, New York, N.Y., for Defendant–Appellant.

Eric Snyder, Assistant United States Attorney (Andrew L. Fish, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Donald Robinson appeals from a judgment of conviction entered on June 25, 2007, in the United States District Court for the Southern District of New York (Daniels, *J.*). The judgment followed a

---

jury trial in which Robinson was found guilty on three charged counts: (1) conspiracy to distribute and to possess with the intent to distribute cocaine and mixtures and substances containing a detectable amount of cocaine base in violation of 21 U.S.C. § 846, (2) distributing and possessing with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(C), and (3) distributing and possessing with the intent to distribute cocaine in violation of 21 U.S.C. § 812, 841(a)(1), and 841(b)(1)(C). On appeal, Robinson argues that the evidence was insufficient to establish that he was involved in the possession or distribution of at least fifty grams of cocaine base, and that the district court erred by denying his Rule 33 motion for a new trial.

Edward Rodriguez testified that he and Robinson sold cocaine together on five to ten days. Since those were "regular days," involving the sale of six to eight grams of crack, Robinson concedes that this indicates that he directly participated in the sale of approximately 30 grams of crack. As to the remaining amount, the government presented evidence that a seller in Rodriguez and Robinson's drug organization sold seven to nine grams of crack every day, and that Robinson was involved, either as a seller or a "steerer" who directed customers to sellers on at least five occasions from August 2002 until his arrest (while facilitating a drug sale) on November 19, 2002. It is "well-established law" that a defendant in a drug conspiracy can be held accountable for the entire quantity of drugs his co-conspirators conspired to distribute or possess, "provided he knew of his co-conspirator's illicit activities or the activities were reasonably foreseeable by him." *United States v. Jackson*, 335 F.3d 170, 181 (2d Cir.2003). In light of the evidence presented, a rational juror could have concluded beyond a reasonable doubt that Robinson, acting as both a seller and a steerer, knew of and facilitated the sale of the above-mentioned narcotics. *See United States v. Gagliardi*, 506 F.3d 140, 149–50 (2d Cir.2007).

Robinson argues that Rodriguez's testimony that the two sold cocaine together "several times. Five to ten maybe. I'm not sure," demonstrates that this testimony is too uncertain to form the basis of a conviction. But "when reviewing the sufficiency of the evidence we defer to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony." *United States v. Glenn*, 312 F.3d 58, 64 (2d Cir.2002) (internal citation and quotation omitted) Moreover, we must analyze pieces of evidence "not in isolation but in conjunction," *United States v. Diaz*, 176 F.3d 52, 89 (2d Cir.1999). Doing so here, we find that Rodriguez's testimony, considered in light of the other evidence presented, was sufficient to support Robinson's convictions.

Robinson also challenges the district court's denial of his Rule 33 motion. Rule 33 permits, "[u]pon the defendant's motion," the district court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R.Crim.P. 33(a). The "ultimate test" in deciding whether to grant a Rule 33 motion is "whether letting a guilty verdict stand would be a manifest injustice." *United States v. Canova*, 412 F.3d 331, 349 (2d Cir.2005) (internal quotations and citation omitted). We review the denial of such a motion for abuse of discretion. *Id.* at 348. For the same reasons that Robinson cannot demonstrate that the evidence was insufficient to support the jury's verdict, he cannot demonstrate that the verdict led to a manifest injustice, nor that the district court abused its discretion by concluding otherwise.

We have considered the remainder of Defendants–Appellant's arguments and found them to be without merit. We therefore AFFIRM the convictions.