SUMMARY ORDER
An April 21, 2005 indictment charged Ameer Hasarafally and co-defendant Danny Michael Ranchurejee with a single count of conspiracy to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On April 19, 2006, following a three day trial, a jury found Hasarafally guilty of the charged count. But by a special verdict, the jury found that the offense involved a quantity of cocaine between 500 grams and five kilograms. On September 7, 2006, the United States District Court for the Southern District of New York (Mukasey, J.), entered a judgment of conviction against Hasarafally and sentenced *355 him principally to 96 months’ imprisonment. On appeal, Hasarafally argues that his conviction is not supported by sufficient evidence, that his Sixth Amendment rights were violated when the district court allegedly sentenced him based on a quantity of cocaine not found by the jury, and that his sentence was unreasonable. For the reasons below, we reject each of these arguments.
We review de novo a sufficiency of the evidence claim, applying the same standards as the district court. United States v. Reyes, 302 F.3d 48, 52-53 (2d Cir.2002) “A defendant challenging the sufficiency of trial evidence ‘bears a heavy burden,’ and the reviewing court must ‘view the evidence presented in the light most favorable to the goveimment’ and draw all reasonable inferences in the government’s favor.” United States v. Gagliardi, 506 F.3d 140, 149 (2d Cir.2007) (quoting United States v. Giovanelli, 464 F.3d 346, 349 (2d Cir.2006) (per curiam) (citation omitted), cert. denied,—U.S.-, 128 S.Ct. 206, 169 L.Ed.2d 145 (2007)). A jury verdict must be affirmed unless “no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt.” Id. at 149-50 (internal quotation marks omitted).
Viewing the evidence as a whole, as we must, see United States v. Matthews, 20 F.3d 538, 548 (2d Cir.1994), we find that it provides a sufficient basis upon which a reasonable juror could have concluded that Hasarafally conspired to distribute the cocaine that was found in a knapsack left on the backseat of the car he was driving. Hasarafally and Ranehurejee were the only two passengers in the car, and Special Agents Michael Murphy and Ramon Perez testified that Ranehurejee was not carrying anything when he entered the car. The jury could also have inferred guilt based on the more than 100 calls between Hasarafally and Ranehurejee in the days preceding the scheduled sale of the drugs.
We also reject Hasarafally’s Sixth Amendment challenge. Hasarafally argues that the District Court violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by sentencing him based on a cocaine quantity not found by the jury. Apprendi holds in relevant part that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Id. at 490, 120 S.Ct. 2348. Here, the jury found Hasarafally guilty based on an amount between 500 grams and 5 kilograms, and the Government acknowledges that the jury’s “response to the special interrogatory indicates that it had in mind no more than the approximately 3 kilograms of cocaine at issue in the April 5 transaction.” Judge Mukasey later found that the relevant conduct for which Hasarafally should be held accountable involved between 3.5 and 5 kilograms. This quantity of cocaine, however, is still within the statutory sentencing range established in 21 U.S.C. § 841(b)(1) and authorized by the jury’s guilty verdict. Thus the change in amount did not alter the statutory range, and did not violate Apprendi.
Hasarafally also challenges the reasonableness of his sentence. A sentence will satisfy the requirements of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and the Sixth Amendment if a sentencing judge: 1) calculates the relevant Guidelines range, including any applicable departure under the Guidelines system; 2) considers the calculated Guidelines range, along with the other § 3553(a) factors; and 3) imposes a reasonable sentence. United States v. Crosby, 397 F.3d 103, 113 (2d Cir.2005). *356 Hasarafally’s sole argument as to unreasonableness (both procedural and substantive) is identical to his Apprendi argument regarding drug quantity — that his sentence is unreasonable because it was based on an amount of drugs not found by the jury. The arguments fail for the same reasons.
Having considered the remainder of Ha-sarafally’s arguments, we find no merit in them and therefore AFFIRM the District Court’s judgment.