**UNITED STATES of America,**
**Appellee,**

v.

**Jeffrey MUSUMECI, also known**
**as Stevewill60@aol.com,**
**Defendant–Appellant.**

No. 08–1672–cr.

United States Court of Appeals,
Second Circuit.

Dec. 16, 2008.

Adam S. Hickey Esq., U.S. Attorney's Office, New York, NY, for Appellee.

Mark M. Baker Esq., Brafman & Associates, New York, NY, for Defendant–Appellant.

Mark M. Baker, Brafman & Associates, New York, NY, for Defendant–Appellant.

Adam S. Hickey, Assistant U.S. Attorney (Michael J. Garcia, U.S. Attorney, on the brief, Daniel Stein, Assistant U.S. Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: PIERRE N. LEVAL, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Jeffrey Musumeci appeals from a judgment of conviction entered on April 3, 2008, following a jury trial, for (1) the attempted coercion or enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and (2) the attempted production of child pornography in violation of 18 U.S.C. § 2251(a). The District Court sentenced him principally to a 180–month term of imprisonment, the mandatory minimum sentence authorized by statute for violations of § 2251(a). *See* 18 U.S.C. § 2251(e). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Musumeci argues that the evidence introduced at his trial was insufficient to support his conviction of attempting to produce child pornography.[1] When considering challenges to the sufficiency of the evidence in support of a conviction, we "view the evidence presented in the light most favorable to the government, and draw all reasonable inferences in its favor, affirming the jury verdict unless no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt." *United States v. Desinor,* 525 F.3d 193, 203 (2d Cir.2008) (internal alteration and quotation marks omitted).

■ Musumeci challenges the evidentiary basis for his conviction on two grounds. First, he argues that there was insufficient evidence showing that he had taken a "substantial step" toward producing child pornography. *See, e.g., United States v. Gagliardi,* 506 F.3d 140, 150 (2d Cir.2007) ("To establish attempt, the government must prove that a defendant had the intent to commit the underlying crime and that he took a substantial step toward its completion."). We disagree. The evidence at trial showed that Musumeci had identified an apparent teenager, "Lisa," [2] for the purpose of engaging in sexual activity; sent her pictures of his genitals and expressed a desire to take pictures of her face, breasts, and vagina; drove from Long Island to Manhattan to meet Lisa at a time when he believed that she would be home

---

1. Musumeci does not challenge his conviction of the attempted coercion or enticement of a minor to engage in sexual activity.

2. "Lisa" was a persona created by two undercover officers of the New York City Police Department.

alone; and brought a camera with him to that meeting. At the time of his arrest, Musumeci walked, camera in hand, with a woman he believed to be thirteen years old toward what he had been told was her empty apartment for the conceded purpose of having sexual relations, intending to take photographs of a pornographic nature. Based on this evidence, a rational trier of fact could have found—and, in fact, did find—that Musumeci had taken a "substantial step" toward the production of child pornography.

◼ Second, Musumeci contends that the evidence was insufficient to show that any pictures he might have taken would have been of a lascivious nature. *See* 18 U.S.C. § 2256(2)(A)(v) (" '[S]exually explicit conduct' means [inter alia] . . . lascivious exhibition of the genitals or pubic area of any person."). "[A]s used in the child pornography statute, the ordinary meaning of the phrase 'lascivious exhibition' means a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *United States v. Knox*, 32 F.3d 733, 745 (3d Cir.1994). The evidence introduced at trial was sufficient to support the jury's determination that the pictures Musumeci intended to take of Lisa's breasts and vagina were to "excite lustfulness in the viewer." In addition to the evidence outlined above, the government also introduced a statement of Musumeci, made after he sent Lisa a picture of his genitals, in which he stated that he "would be really hard if [he] had a pic[ture] of [her]." When asked by Lisa what he would do with a picture of her vagina, Musumeci responded "the same thing I would get out of [a picture of her breasts]." In light of Musumeci's stated intention of engaging in sexual relations with Lisa, his stated desire to photograph her breasts and vagina during their sexual encounter, and his stated belief that those pictures would sexually arouse him, a rational trier of fact could conclude beyond a reasonable doubt that Musumeci intended to take pictures containing a "lascivious exhibition of the genitals or pubic area" of Lisa.

Accordingly, sufficient evidence supported the jury's conviction of Musumeci for the attempted production of child pornography, and we AFFIRM the judgment of the District Court.