10-0202-cr
USA v. Reyes-Navarette

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 4th day of February, two thousand eleven.

Present: JOHN M. WALKER, JR.,
CHESTER J. STRAUB,
ROBERT A. KATZMANN,
*Circuit Judges*,

_____

UNITED STATES OF AMERICA,

*Appellee*,

- v -                                    No. 10-0202-cr

JOSE REYES-NAVARETTE,

*Defendant-Appellant*.

_____

For Defendant-Appellant:        Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y.

For Appellee:                   Carrie H. Cohen (Michael D. Maimin, *of counsel*), Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jose Reyes-Navarette appeals from a January 15, 2010 judgment of the United States District Court for the Southern District of New York (Cote, *J.*) entered following a plea of guilty to one count of distributing and possessing with intent to distribute 500 grams or more of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). The district court sentenced Reyes-Navarette principally to 37 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history of this case, and the specification of issues on appeal.

Reyes-Navarette contends that his sentence (1) is procedurally and substantively unreasonable because the district court erred in rejecting his sentencing manipulation argument and (2) is substantively unreasonable because the district court placed undue weight on the 18 U.S.C. § 3553(a) factor of deterrence. We review the sentence imposed by the district court for reasonableness, which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact," or fails to explain adequately its sentence. *Id.* at 190 (citing *Gall*, 552 U.S. at 50) (internal citations omitted). Substantive determinations shall be set aside "only in

2

exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). "Generally, '[i]f the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor.'" *United States v. Pope*, 554 F.3d 240, 246-47 (2d Cir. 2009) (alteration in original) (quoting *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006)).

We turn first to Reyes-Navarette's argument that the government attempted to engage in sentencing manipulation when the confidential informant pressed Reyes-Navarette to obtain more than the half a kilogram of cocaine that Reyes-Navarette stated that he had "left." App'x 58. We have "not yet recognized the doctrine of sentencing manipulation, which occurs 'when the government engages in improper conduct that has the effect of increasing the defendant's sentence.'" *United States v. Gagliardi*, 506 F.3d 140, 148 (2d Cir. 2007) (quoting *United States v. Gomez*, 103 F.3d 249, 256 (2d Cir. 1997)). We have suggested that should this doctrine be held to be "valid, 'it would likely require a showing of "outrageous" government conduct.'" *Id.* (quoting *United States v. Bala*, 236 F.3d 87, 93 (2d Cir. 2000)); *see also United States v. DePierre*, 599 F.3d 25, 29 (1st Cir. 2010) (requiring a "very high" threshold to show sentencing manipulation); *United States v. Knox*, 573 F.3d 441, 451 (7th Cir. 2009) (requiring "outrageous conduct solely for the purpose of increasing the defendant's sentence under the Sentencing Guidelines" (quoting *United States v. Wagner*, 467 F.3d 1085, 1090 (7th Cir. 2006)) (internal quotation mark omitted)).

We need not decide whether to recognize the validity of the sentencing manipulation

3

doctrine at this time, because the government's conduct does not approach the level that would be required to invoke the doctrine. First, we note that the 500 grams offered by Reyes-Navarette and the 800 grams requested by the confidential informant would trigger the same mandatory minimum and Sentencing Guidelines offense level. Second, the confidential informant's request for a larger quantity appears to be based on quantities, including 300 grams of lower-quality cocaine, to which Reyes-Navarette had, in previous conversations, indicated that he had access. Nothing in the record indicates that the district court failed to understand or consider the applicable legal standards, the relevant factual circumstances, or defendant's arguments. *Fernandez*, 443 F.3d at 30. Accordingly, the district court committed neither procedural nor substantive error in declining to grant a variance based on Reyes-Navarette's sentencing manipulation argument. Even assuming that the sentencing manipulation doctrine were available in this Circuit, any procedural error would be harmless, because the district court explicitly stated that it would impose the same sentence even were it to take the sentencing manipulation argument into account. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009).

Turning to Reyes-Navarette's argument that the district court placed undue weight on deterrence in crafting his sentence, we find this argument to be equally unavailing. The district court explicitly acknowledged the need to consider the factors under § 3553(a) and expressly noted and rejected defendant's other arguments pertaining to his personal circumstances. The weight given by the district court to specific and general deterrence in this case is exactly the sort of exercise of discretion that "we will not second guess." *Pope*, 554 F.3d at 247 (quoting *Fernandez*, 443 F.3d at 34).

4

We have considered all of Reyes-Navarette's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK