United States v. Hoke

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
         CHRISTOPHER F. DRONEY,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    13-615

KENITA E. HOKE,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              TIMOTHY AUSTIN (Molly Corbett, on the brief), for Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Albany, New York.

FOR APPELLEES:              RAJIT S. DOSANJH (Edward P. Grogan, on the brief), for

Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Kenita Hoke appeals from the judgment of the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>), convicting her of bank fraud, in violation of 18 U.S.C. § 1344(2), and passing and uttering a forged Treasury check, in violation of 18 U.S.C. § 510. The charges arose from Hoke's deposit into her own account of a Social Security check made out to a third party. After Hoke withdrew the funds, the Treasury sought to recover the funds because the beneficiary's endorsement (and direction to pay to the order of Hoke) was forged. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1. Intent to Defraud**

Hoke challenges the sufficiency of the evidence demonstrating her intent to defraud under both counts. Because Hoke preserved this objection, we review the sufficiency issue *de novo*. <u>United States v. Sabhnani</u>, 599 F.3d 215, 241 (2d Cir. 2010). "A defendant challenging the

2

sufficiency of trial evidence bears a heavy burden, and the reviewing court must view the evidence presented in the light most favorable to the government and draw all reasonable inferences in the government's favor." United States v. Gagliardi, 506 F.3d 140, 149 (2d Cir. 2007) (internal quotation marks omitted). "The jury's verdict will be affirmed unless no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt." Id. at 149-50 (internal quotation marks omitted).

Hoke has not sustained this burden. The beneficiary testified that she never received the check or endorsed it. While the handwriting analysis concluded that the false signature and the endorsement to Hoke was not done in Hoke's hand, the evidence could lead a juror to believe Hoke knew the check was forged. There is no dispute that Hoke endorsed the check, deposited it, and withdrew the money. In the course of the investigation, Hoke gave conflicting accounts of how she came to deposit the check. Furthermore, the bank teller testified that Hoke was nervous when depositing the check, and that was one reason the teller consulted her supervisor. A reasonable juror could find beyond a reasonable doubt on this evidence that Hoke possessed the requisite intent to defraud.

To the extent Hoke contests the credibility of the government's witnesses at trial, we "defer to a jury's assessments with respect to credibility [as long as they are] 'reasonably based on evidence presented at trial.'" United States v. Torres, 604 F.3d 58, 67 (2d Cir. 2010) (quoting United States v. Ceballos, 340 F.3d 115, 125 (2d Cir. 2003)). We disagree with Hoke's contention that the testimony given by the beneficiary was so incredible as to overcome this deference.

**2. Intent to Victimize the Bank**

Based on this Court's decision in United States v. Nkansah, 699 F.3d 743 (2d Cir. 2012), Hoke argues that the evidence was insufficient on the bank fraud charge to show an intent to victimize First Niagara. Since this argument was never raised below, we review for plain error. See United States v. Draper, 553 F.3d 174, 179 (2d Cir. 2009). "For an error to be plain, 'it must be a clear or obvious deviation from current law that affected the outcome of the district court proceedings.'" Id. (quoting United States v. Crowley, 318 F.3d 401, 415 (2d Cir. 2003)).

Nkansah, decided after Hoke's conviction, held that the bank fraud statute "is a specific intent crime requiring proof of an intent to victimize a bank by fraud. [A] federally insured or chartered bank must be the actual or

4

intended victim of the scheme."  Nkansah, 699 F.3d at 748 (internal citations and quotation marks omitted).  In Nkansah, "[t]here [was] no evidence of the Treasury dishonoring the checks or seeking reimbursement from any of the banks," id. at 750, whereas here the Treasury Department did seek reimbursement.  Still, Nkansah is sufficiently analogous to find some weight in Hoke's argument.  Assuming error in Hoke's case, however, the error was not plain.

### 3. Jury Instructions

Hoke contests an aiding and abetting jury charge on two grounds.  First, Hoke argues that the evidence did not support the instruction.  "We review a claim of error in jury instructions de novo, reversing only where, viewing the charge as a whole, there was a prejudicial error."  United States v. Quattrone, 441 F.3d 153, 177 (2d Cir. 2006) (internal quotation marks omitted).  "An error is harmless only if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error."  Id. (internal quotation marks omitted).  As the evidence makes it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty as a principal, any alleged error was harmless.

Secondly, Hoke argues that the aiding and abetting charge constructively amended the indictment in violation of

5

the Fifth Amendment's Grand Jury Clause. "To prevail on a constructive amendment claim, a defendant must demonstrate that either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." United States v. Frank, 156 F.3d 332, 337 (2d Cir. 1998). "[T]he inclusion of an aiding and abetting charge to the jury will rarely, if ever, constructively amend an indictment because an aiding and abetting charge is arguably implicit in every indictment." United States v. Mucciante, 21 F.3d 1228, 1234 (2d Cir. 1994). "Accordingly, it is well established that a trial judge may properly give an aiding and abetting instruction even if the indictment does not expressly charge a[n aiding and abetting charge]." Id. Hoke contends that the jury instructions might have led the jury to convict her of conspiracy. However, the jury charge did not include any of the elements of a conspiracy. To the extent Hoke argues the instructions led the jury to convict her of fraud against the Treasury, the jury was instructed solely on bank fraud and the evidence supported that charge. The jury instructions did not constructively amend the indictment.

6

**4.   Read-Back of Testimony**

A ruling that permits a read-back of trial testimony to the jury is reviewed for abuse of discretion.  See United States v. Escotto, 121 F.3d 81, 84 (2d Cir. 1997).  The portions of Agent Duffalo's testimony read back to the jury were responsive to the jury's request and included portions from the direct examination, cross examination, rebuttal, and recross.  While the district court denied Hoke's request for some portions to be included in the read back, the information Hoke sought to have included was read back in other contexts.  The district court did not abuse its discretion.

For the foregoing reasons, and finding no merit in Hoke's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7