14-4255-cr
*United States v. Chichakli*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand sixteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

--------------------------------------------------

UNITED STATES OF AMERICA,

> *Appellee,*

> v.

> No. 14-4255-cr

VIKTOR BOUT, AKA BORIS, AKA VICTOR ANATOLIYEVICH BOUT, AKA VICTOR BUT, AKA VIKTOR BUDD, AKA VIKTOR BUTT, AKA VIKTOR BULAKIN, AKA VADIM MARKOVICH AMINOV,

> *Defendant,*

RICHARD AMMAR CHICHAKLI, AKA ROBERT CUNNING, AKA RAMAN CEDOROV,

> *Defendant-Appellant.*

--------------------------------------------------

1

For Appellee:                                                     CHRISTIAN R. EVERDELL, Assistant United States Attorney (Ian McGinley, Sarah Eddy McCallum, Assistant United States Attorneys, Of Counsel) *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

For Defendant-Appellant:                                PETER J. TOMAO, Garden City, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Richard Chichakli was tried and convicted by a jury on all nine counts of an indictment charging as follows: one count of conspiracy to engage in business practices prohibited by the International Emergency Economic Powers Act ("IEEPA"), in violation of 50 U.S.C. § 1705 and 18 U.S.C. § 371; one count conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; and six counts of wire fraud, in violation of 18 U.S.C. §§ 1343, 2. On appeal, in a counseled brief supplemented by his own *pro se* brief,[1] Chichakli asserts that a litany of errors made during proceedings below denied him a fair trial. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

---

[1] Chichakli initially filed a *pro se* brief on February 11, 2015, the same date he applied for appointment of CJA counsel. Once he was appointed counsel, neither Chichakli nor his attorney ever referenced this February 11 brief. After counsel submitted his principal brief, counsel filed a motion requesting permission for Chichakli to file a supplemental *pro se* brief. Once granted permission from this Court, Chichakli then filed a supplemental *pro se* brief on August 18, 2015, containing many of the same arguments as his February 11 brief. We deem the February 11 brief abandoned and consider the August 18 brief as Chichakli's final *pro se* brief.

We turn first to Chichakli's claims of error sounding in the Federal Rules of Evidence. We review for abuse of discretion a district court's decision to admit or exclude evidence. *See United States v. Cuti*, 720 F.3d 453, 457 (2d Cir. 2013); *United States v. Garcia*, 413 F.3d 201, 210 (2d Cir. 2005). Even if certain evidence is improperly admitted, however, "reversal is warranted only if an error affects a 'substantial right,' Fed. R. Evid. 103(a)—that is, if the error had a substantial and injurious effect or influence on the jury's verdict." *United States v. Rigas*, 490 F.3d 208, 222 (2d Cir. 2007) (internal quotation marks omitted).

Where a defendant failed to object to an evidentiary ruling at trial and challenges the ruling for the first time on appeal, we review for plain error only. A showing of plain error requires: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotations marks omitted) (brackets omitted).

Chichakli challenges the admission of several of the government's exhibits related to a laptop seized during the arrest of Chichakli's co-conspirator Victor Bout (the "Bout Laptop"). He argues that because of defects in the chain of custody and failure to run a hash value comparison between the mirrored drive and the original, the forensic copy of the hard drive and all exhibits that relied upon its data should have been excluded from evidence as improperly authenticated.[2]

---

[2] In the opening counseled brief, Chichakli also challenged the admission of the Maxtor external hard drive seized from Chichakli's residence in Australia. This argument was explicitly withdrawn in the counseled reply brief because Chichakli conceded its authenticity during trial. *See* Reply Br. for Defendant-Appellant 2 n.1 ("We withdraw the argument that the record did not

3

The bar for authentication of evidence under Fed. R. Evid. 901(a) is "not particularly high." *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007). It is met where "sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *United States v. Tin Yat Chin*, 371 F.3d 31, 38 (2d Cir. 2004) (internal quotation marks omitted). Proving a chain of custody will suffice to authenticate physical evidence, and the chain of custody need not be free of defects. *See United States v. Gelzer*, 50 F.3d 1133, 1140-41 (2d Cir. 1995). Alleged breaks in the chain typically "do not bear upon the admissibility of evidence, only the weight of the evidence." *United States v. Jackson*, 345 F.3d 59, 65 (2d Cir. 2003) (internal quotation marks omitted).

The minor breaks in custody that Chichakli highlights do not affect the admissibility of exhibits related to the Bout Laptop in light of the detailed testimony from the various DEA agents and other individuals who were responsible for ensuring the safe transport of this item and making a forensic copy. Chichakli's pure speculation that this drive could possibly have been tampered with during short breaks in the chain of custody might have created a sliver of doubt as to its authenticity, but the government is not required to "rule out all possibilities inconsistent with authenticity." *Gagliardi*, 506 F.3d at 151 (internal quotation marks omitted). Moreover, a hash value comparison was not required for authentication of the forensic copy; the computer forensic specialist's comparison of the size of the drives was sufficient to show it was "improbable that the original item had been exchanged with another or otherwise tampered with." *United States v. Grant*, 967 F.2d 81, 83 (2d Cir. 1992) (internal quotation marks omitted).

Chichakli additionally contends that the district court violated his due process rights by ruling that he could not call an additional witness, DEA Agent Zachariasiewicz, whose report

establish that the digital storage unit known as the Maxtor Drive, GX-2000, was seized from Mr. Chichakli's residence.").

4

contradicted Agent Matthews' testimony with respect to one fact relating to the Bout Laptop. Matthews testified that he copied the Bout Laptop hard drive at the Thai Police's Crime Suppression Division, while Zachariasiewicz's report stated that Matthews conducted his forensic imaging at the DEA's Bangkok offices. This argument is subject to plain error review as it is raised for the first time on appeal, but it is meritless under any level of scrutiny. When Chichakli requested to examine Agent Zachariasiewicz at trial, he repeatedly failed to provide a proffer of the witness's expected testimony, and the district court ultimately determined that the testimony would be needlessly cumulative of other witnesses' testimony and thus precluded under Fed. R. Evid. 403. As Chichakli did not inform the court that he intended to question Zachariasiewicz on the discrepancy he now sets forth on appeal, the district court did not plainly err in precluding the witness's testimony under Rule 403.

Chichakli also contends that the district court erred in admitting summary exhibits in the form of PowerPoint presentations related to the Bout Laptop and Maxtor Drive, as well as a summary timeline exhibit. To the extent these arguments merely bootstrap Chichakli's challenges to the admission of the forensic copy of the Bout Laptop, they fail for the reasons already stated. Insofar as Chichakli claims he was unfairly prejudiced by improper comments made by the summary witnesses who testified about these exhibits, this argument is also meritless. Chichakli himself elicited on cross-examination many of the allegedly prejudicial statements about which he now complains, so he has no basis for objecting to that testimony on appeal. Regardless, any stray improper comments during the testimony of any of the summary witnesses were negligible relative to the overwhelming evidence establishing Chichakli's guilt. *See United States v. Rea*, 958 F.2d 1206, 1220 (2d Cir. 1992).

We have considered all of Chichakli's arguments contained in both his counseled briefs and his supplemental *pro se* briefs and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk