405 F.3d 1034
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mohamad Youssef HAMMOUD, a/k/a Ali Abousaleh, a/k/a Ali Albousaleh, Defendant-Appellant,
Center for Constitutional Rights; National Coalition to Protect Political Freedom; National Association of Criminal Defense Lawyers; National Lawyers Guild, Amici Supporting Appellant.
 No. 03-4253.
 United States Court of Appeals, Fourth Circuit.
 April 27, 2005.
 
 1
 Douglas Scott Broyles, Assistant U.S. Attorney, Office of the U.S. Attorney, Kenneth Davis Bell, Mayer, Brown, Rowe & Maw, Charlotte, NC, Demetra Daniel Lambros, John F. DePue, Anthony Steven Murry, Martha Rubio, United States Department of Justice, Washington, DC, for Plaintiff — Appellee.
 
 
 2
 James Patrick McLoughlin, Jr., James William Haldin, Moore & Van Allen, Charlotte, NC, Stanley Lewis Cohen, New York, NY, for Defendant — Appellant.
 
 
 3
 Nancy Chang, Shayana Devendra Kadidal, Center for Constitutional Rights, New York, NY, David Douglas Cole, Washington, DC, for Amici Supporting Appellant.
 
 ORDER
 
 4
 This court, sitting en banc, previously affirmed Mohamad Youssef Hammoud's convictions and sentence. See United States v. Hammoud, 381 F.3d 316 (4th Cir.2004) (en banc). Subsequently, the Supreme Court granted certiorari, vacated our decision, and remanded for reconsideration in light of United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See Hammoud v. United States, ___ U.S. ___, 125 S.Ct. 1051, 160 L.Ed.2d 997 (2005).
 
 
 5
 Because the order of the Supreme Court does not affect our resolution of Hammoud's challenges to his convictions and the calculation of his guideline range, we reinstate those portions of our prior opinion. See Hammoud, 381 F.3d at 325-44, 354-57. However, the sentence imposed on Hammoud exceeded the maximum sentence authorized by the jury verdict alone, see United States v. Hughes, 401 F.3d 540, 542 (4th Cir.2005), and the Government cannot prove that this error, which Hammoud preserved in the district court, did not affect Hammoud's substantial rights, see Fed.R.Crim.P. 52(a). We therefore vacate Hammoud's sentence and remand for resentencing under the advisory guidelines regime set forth in Booker, 125 S.Ct. at 756-57, 764-65.
 
 
 6
 Entered at the direction of Chief Judge Wilkins with the concurrences of Judges Widener, Wilkinson, Niemeyer, Williams, Michael, Motz, Traxler, King, Gregory, Shedd, and Duncan.