07-4315-cr
*United States v. Awan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of June, two thousand and ten.

PRESENT:

> ROSEMARY S. POOLER,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee-Cross-Appellant*,

-v.-                                             No. 07-4315-cr

KHALID AWAN,

> *Defendant-Appellant-Cross-Appellee.*

---

> SEAN MICHAEL MAHER, Wahid Vizcaino & Maher
> LLP, New York, NY, *for Defendant-Appellant-*
> *Cross-Appellee Khalid Awan.*

1

KELLY T. CURRIE, Assistant United States Attorney (David C. James, Marshall L. Miller, Karin Klapper Orenstein, Andrew E. Goldsmith, Assistant United States Attorneys, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee-Cross-Appellant United States of America*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sifton, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that Defendant-Appellant-Cross-Appellee's convictions are **AFFIRMED**.

After a trial in the United States District Court for the Eastern District of New York (Sifton, *J.*), Defendant-Appellant-Cross-Appellee Khalid Awan ("Awan") was convicted of conspiring to provide material support and resources to terrorists in violation of 18 U.S.C. § 2339A; providing material support and resources to terrorists in violation of 18 U.S.C. § 2339A; and money laundering in violation of 18 U.S.C. § 1956(a). On appeal, Awan principally argues that (1) there was insufficient evidence to support his convictions; (2) that the district court erred in denying the motion to suppress Awan's admissions to investigators; (3) the district court erred in denying the motion to suppress evidence seized from Awan's residence and suitcases; and (4) 18 U.S.C. § 2339A is unconstitutionally vague as applied and on its face.[1] We assume the parties' familiarity with the underlying facts, procedural history, and the issues presented for review.

---

[1] The government's cross-appeal concerning the application of the terrorism sentencing adjustment, U.S.S.G. § 3A1.4, is addressed in an accompanying opinion.

2

## I. Sufficiency of the Evidence

We review *de novo* a claim of insufficient evidence. *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010). "A defendant challenging the sufficiency of trial evidence bears a heavy burden, and the reviewing court must view the evidence presented in the light most favorable to the government and draw all reasonable inferences in the government's favor." *United States v. Gagliardi,* 506 F.3d 140, 149 (2d Cir. 2007) (quoting *United States v. Giovanelli,* 464 F.3d 346, 349 (2d Cir. 2006) (per curiam)) (internal quotation marks omitted). We will affirm a jury verdict unless "no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt." *Id.* at 149-50 (internal quotation marks omitted).

Awan makes numerous arguments as to why there was insufficient evidence to support his convictions, all without merit. First, Awan argues that there was insufficient evidence of a meeting of the minds between Awan and any co-conspirators with respect to the § 2339A conspiracy count, involving a conspiracy to murder persons outside the United States in violation of 18 U.S.C. § 956(a). Second, Awan argues that there was insufficient evidence of his specific intent to further the charged crimes. These arguments ignore Awan's admissions to Agent Ross, Iftikahr Mian ("Mian"), and Harjit Singh ("Harjit") that he knew the money he transferred to Paramjit Singh Panjwar ("Panjwar") and the Khalistan Commando Force ("KCF") would be used to kill innocent people. For example, Awan admitted to Ross that the money he sent to Panjwar "was going to be used for . . . what he described as shooting and killing of innocent people." Gov. App'x at 166. Moreover, Awan's admissions to Harjit and Ross indicate that he had knowledge of the purpose and violent methods of Panjwar and the KCF. For example, Awan explained to Ross that the KCF was

3

"trying for the violent overthrow of Khalistan from India," and that the group's methods included "kill[ing] people." *Id.* at 155. This evidence is sufficient for a reasonable trier of fact to conclude that, when Awan acted as a conduit for the transfer of funds from Gurbax Singh ("Gurbax") and Baljinder Singh ("Baljinder") to Panjwar, there was a meeting of the minds between them. Indeed, Baljinder testified that during the occasion on which he and Gurbax delivered funds to Awan, "[w]e were talking about this money we need to send to . . . Panjwar," and Awan said, "[o]kay, no problem." Tr. 441. Such evidence was also sufficient for a reasonable trier of fact to conclude that Awan had the requisite intent to carry out the charged crimes.

Third, Awan argues that his first two arguments are bolstered by the government's failure to provide evidence that Awan had a motive to engage in the charged crimes. This argument fails because there *was* evidence bearing on Awan's motivation, *e.g.*, agent Ross's testimony that Awan told interrogators "[t]hat he wanted to be close to Mr. Panjwar because he knew Mr. Panjwar was a terrorist." Gov. App'x at 174. In any event, when "[m]otive is not an element of the crime . . . the lack of evidence [thereof] does not, as a matter of law, preclude conviction." *United States v. MacPherson*, 424 F.3d 183, 185 n.2 (2d Cir. 2005).

Fourth, Awan argues that there was insufficient evidence that he conspired to provide "personnel" in violation of 18 U.S.C. § 2339A. But Harjit's testimony, *e.g.*, that "Awan said to me many times I'll take you to Pakistan and let you have the training [regarding] . . . how to use the guns, how to make the bombs and how to bomb blast," Gov. App'x at 64, and the recorded conversations between Awan, Harjit, and Panjwar, provided sufficient evidence from which a rational jury could find that Awan was recruiting for Panjwar and the KCF.

4

Fifth, Awan argues that there was insufficient evidence that he actually sent money to Panjwar or the KCF. But, according to Ross's testimony, Awan admitted he would contact Panjwar by telephone "to confirm Panjwar actually received the money," and that Awan would subsequently "read the newspapers . . . [t]o see if anything happened." *Id.* at 168. Additionally, Baljinder testified that, after giving money to Awan to transfer to Panjwar, Panjwar told Baljinder that Awan "already did this work" before. *Id.* at 34. This testimony, in addition to Awan's description to Harjit of his various methods of delivering funds to the KCF, was sufficient evidence from which a reasonable jury could infer that Awan successfully transferred funds to Panjwar.

Sixth, Awan argues that his statements to Mian, Harjit, and Ross are insufficiently corroborated. "[T]he modern corroboration rule requires only that there be substantial independent evidence which would tend to establish the trustworthiness of the statement." *United States v. Bryce*, 208 F.3d 346, 354 (2d Cir. 1999) (internal quotation marks omitted). For substantially the same reasons contained in the district court's analysis, *United States v. Awan*, No. CR-06-0154, 2007 WL 749739, at *3-4 (E.D.N.Y., Mar. 7, 2007), which points out, *inter alia*, that Awan's admissions are corroborated by the testimony of Gurbax and Baljinder, we agree that there was sufficient corroborative evidence.

Finally, Awan argues that there was insufficient evidence that he committed the charged criminal acts during the time frames covered in the second superseding indictment. For the reasons explained by the district court, *id.* at *4-5, as well as Mian's testimony that Awan told him that two Sikhs visited Awan's house to deliver money to Panjwar in the winter of 2000, Gov App'x at 39, there is sufficient evidence from which a reasonable jury could find that Awan engaged in a § 2339A

conspiracy between 1998 and February 2005, and violations of § 2339A and § 1956(a) between 1998 and November 2001.

For the foregoing reasons, Awan's contention that there was insufficient evidence to support his convictions is without merit. We also find no error with regard to the district court's jury instructions regarding circumstantial evidence. *See, e.g.*, *United States v. Siragusa*, 450 F.2d 592, 596 (2d Cir. 1971).

**II. Motions to Suppress**

**A. Awan's Custodial Statements**

"The standard of review observed by this court in evaluating the district court's ruling in a suppression motion is clearly erroneous as to that court's factual findings viewing the evidence in the light most favorable to the government and *de novo* as to questions of law." *United States v. Yousef*, 327 F.3d 56, 124 (2d Cir. 2003) (internal quotation marks omitted). Further, "[c]redibility determinations are the province of the trial judges, and should not be overruled on appeal unless clearly erroneous." *Id.* (internal quotation marks omitted). Whether a defendant's statements during custodial interrogation are voluntary is determined by a totality-of-the-circumstances test. *Green v. Scully*, 850 F.2d 894, 901 (2d Cir. 1988). "In applying the totality of the circumstances test, those factors that a court should consider to determine whether an accused's confession is voluntary center around three sets of circumstances: (1) the characteristics of the accused, (2) the conditions of interrogation, and (3) the conduct of law enforcement officials." *Id.* at 901-02.

Awan argues that the statements he made to Agent Ross on February 17 and February 20, 2006, should have been suppressed because they were not made voluntarily. Awan focuses on the

third set of circumstances. Specifically, he argues that the government made various threats against Awan and his family that rendered the interrogation coercive. While Awan does not contest that he signed a *Miranda* waiver at the beginning of each day of interrogation, Awan argues by affidavit that he was threatened prior to waiving his *Miranda* rights. However, the district court credited the testimony of Agent Ross at the suppression hearing and rejected Awan's version of the facts. Specifically, the district court found that, although Ross and a prosecutor told Awan that he faced potential charges ranging "from jail time all the way possibly to the death penalty," Gov. App'x at 257, and that his family could face potential criminal liability, those statements were made between the middle and end of the second day of interrogation, *after* Awan had already voluntarily waived his *Miranda* rights.[2] Further, the court found that such statements were "only [made] in response to concerns that the defendant did not understand the seriousness of the charges,"and that "the government has shown that no other statements which could be understood as threatening were made at any other point during the interviews and that the government investigators tried to maintain a friendly atmosphere, removing the defendant's handcuffs, offering [Awan] drinks and even bringing

---

[2] The transcript of the suppression hearing indicates that the statement regarding Awan's family was made to encourage Awan to cooperate with the government. This was not inappropriate, as we have "held that law enforcement agents [are] free to discuss with [a defendant] the evidence against him and the reasons why he should cooperate." *United States v. Bye*, 919 F.2d 6, 9 (2d Cir. 1990) (internal quotation marks omitted). Moreover, to the extent that the prosecutor's reference to the death penalty was unrealistic, we have held that, "[r]egardless of whether [an] agent's statements were false, misleading, or intended to trick and cajole the defendant into confessing, specific findings must be made that under the totality of the circumstances . . . the defendant's will was overborne by the agent's conduct." *United States v. Anderson*, 929 F.2d 96, 99 (2d Cir. 1991). Given the totality of the circumstances found by the district court, including the government's concern that Awan did not understand the seriousness of the charges against him, we find that Awan's interrogation was not coercive.

in Arabic pastries." *United States v. Awan*, No. CR-06-0154, 2006 WL 3207858, at \*9 (E.D.N.Y. Nov. 6, 2006). Additionally, the court found that "[t]he evidence has shown that Mr. Awan has some legal training, has been involved with the criminal justice system before and by all indications can speak English very well," and that the interviews were "'very cordial' up until the point on the second day where the government realized that [Awan] did not understand the seriousness of the charges." *Id.* at \*9 n.15. Given the district court's findings of fact, which Awan has given us no reason to disturb, we find that, under the totality of the circumstances, Awan's custodial statements were voluntary.

**B. Search of Awan's Residence and Suitcases**

Next, Awan argues that he did not voluntarily consent to the search of his residence or the suitcases found in Mian's home in Floral Park, and hence the contents of those suitcases should have been suppressed.[3] "In considering a challenge to a district court finding of consent [to a warrantless search], we are obliged to view the evidence in the light most favorable to the government. We will not reverse a finding of voluntary consent except for clear error." *United States v. Snype*, 441 F.3d 119, 131 (2d Cir. 2006) (citation omitted).

The district court credited Agent Jackson's testimony at the suppression hearing rather than the facts presented in Awan's affidavit, and found that it was objectively reasonable for agent Jackson to conclude that Awan voluntarily consented to the search of his suitcases at Mian's residence. Awan has failed to show that the district court committed clear error in crediting Jackson's testimony rather than Awan's affidavit. *See United States v. Mendez*, 315 F.3d 132, 135

---

[3]Awan does not argue on appeal that Mian failed to give consent to the search.

8

(2d Cir. 2002) ("Where the district court's factual findings are premised upon credibility determinations, we grant particularly strong deference to those findings."). While Awan points to an inconsistency between Jackson's testimony and Mian's recollection regarding when Awan's suitcases were opened, this inconsistency does not bear on whether Awan was coerced when he provided oral consent to the search of his residence and his property at Mian's residence. Awan's other arguments attacking the credibility of Jackson's testimony fail for the same reason. Thus, the district court did not commit clear error in finding that Awan's consent was voluntary.

**III. Vagueness**

Finally, Awan argues that his first count of conviction pursuant to 18 U.S.C. § 2339A should be reversed because that statute is vague as applied and on its face.[4] 18 U.S.C. § 2339A(a) provides, in pertinent part: "Whoever provides material support or resources . . . knowing or intending that they are to be used in preparation for, or in carrying out, a violation of section . . . 956 . . . of this title . . . shall be . . . imprisoned . . . ." 18 U.S.C. § 956(a)(1) sets forth, in pertinent part, the underlying crime for which Awan was convicted of knowingly conspiring to provide material support or resources: "Whoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other person or persons are located, to commit at any place outside the United States an act that would constitute the offense of murder, kidnapping, or maiming . . . shall . . . be punished . . . ." 18 U.S.C. § 2339A(b) defines "material support or

---

[4] Although Awan asserts that 18 U.S.C. § 2339A is also overbroad, this point is insufficiently argued in Awan's brief, and we decline to address it. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

resources" as, *inter alia*, "currency," "training," and "personnel." Awan was convicted of knowingly conspiring to provide material support or resources, to wit, "currency, monetary instruments, financial services and personnel," Superseding Indictment ¶ 14, to be used in a conspiracy to commit murder abroad involving Panjwar and the KCF. Specifically, Awan argues that the terms "training" and "personnel," which are not further defined in 18 U.S.C. § 2339A, are unconstitutionally vague.

"A penal statute is not void for vagueness if it defines the offense (1) with sufficient definiteness that ordinary people can understand what conduct is prohibited and (2) in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Gagliardi*, 506 F.3d 140, 147 (2d Cir. 2007) (internal quotation marks omitted). Importantly here, the Supreme Court "has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982); *see also United States v. Stewart*, 590 F.3d 93, 117 (2d Cir. 2009) (noting in the context of a vagueness challenge to § 2339A that "scienter requirements may ameliorate concerns of improper notice." (internal quotation marks and alteration omitted)). A scienter requirement also mitigates the problem of arbitrary and discriminatory enforcement. *See Gagliardi*, 506 F.3d at 147 (stating that a "scienter requirement narrows the scope of [18 U.S.C.] § 2422(b) as well as the ability of prosecutors and law enforcement officers to act based on their own preferences").

At the outset, we reject Awan's challenge to the term "training" because Awan was not convicted of violating 18 U.S.C. § 2339A for the provision of "training." *See United States v. Hammoud*, 381 F.3d 316, 330-31 (4th Cir. 2004) (en banc) ("The possible vagueness of [the

"personnel" and "training"] prongs of the material support definition [in 18 U.S.C. § 2339B] does not affect Hammoud's conviction, however, because he was specifically charged with providing material support in the form of currency."), *vacated and remanded sub nom. Hammoud v. United States*, 543 U.S. 1097 (2005), *reinstated in relevant part*, *United States v. Hammoud*, 405 F.3d 1034 (4th Cir. 2005).

Given 18 U.S.C. § 2339A's scienter requirement, *i.e.*, that the defendant provide material support or resources "knowing or intending" that they be used in preparation for, or in carrying out, an enumerated crime, we find the meaning of "personnel" to be sufficiently clear as applied in this case. In count one of Awan's indictment, the enumerated crime was murder, maiming, or kidnapping abroad. *See* 18 U.S.C. § 956(a)(1). In the context of Awan's 18 U.S.C. § 2339A conspiracy count, "personnel" plainly refers to persons engaged in preparing for, or carrying out, the crime of murder, maiming or kidnapping abroad. *See Stewart*, 590 F.3d at 118; *United States v. Sattar*, 314 F. Supp. 2d 279, 298 (S.D.N.Y. 2004) ("[I]n using the term 'personnel' in § 2339A, Congress plainly intended to refer to persons engaged in 'prepar[ing] for' or 'carry[ing] out' one of the crimes specified in § 2339A."). Thus, Harjit, whom Awan conspired to recruit for training and carrying out attacks in India on behalf of Panjwar and the KCF, comfortably falls within the meaning of "personnel." For this reason, Awan's as-applied vagueness challenge to the term "personnel" fails. Because "personnel" is not unconstitutionally vague as applied to Awan's conviction in count one, it follows that the term does not render 18 U.S.C. § 2399A unconstitutional on its face. *See United States v. Rybicki*, 354 F.3d 124, 130-31 (2d Cir. 2003) (en banc) (stating that a facial challenge outside the First Amendment context can succeed "only if [the statute] is

unconstitutionally vague 'as applied' to all circumstances").

**IV.  Conclusion**

We have considered all of Awan's arguments with respect to his convictions and find them to be without merit.  Hence, Awan's convictions are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk