10-3333-cr
United States of America v. Juncal (Corsey)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand thirteen.

PRESENT:

> Amalya L. Kearse,
> Raymond J. Lohier, Jr.,
> *Circuit Judges*,
> Lewis A. Kaplan,
> *District Judge*.[*]

_____

United States of America,

*Appellee*,

v.                                                                    10-3333-cr

Emerson Earl Corsey,

*Defendant-Appellant*.[**]

_____

[*] The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption to conform to that set forth above.

FOR DEFENDANT-APPELLANT:  EMERSON EARL CORSEY, *pro se*, Ayer, MA.

FOR APPELLEE:  AMY BUSA, CHRISTOPHER C. CAFFARONE, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part, the sentence is VACATED, and the case is REMANDED for resentencing.

Defendant-appellant Emerson Earl Corsey, pro se, appeals from the judgment of conviction entered on August 13, 2010, following a jury trial.  Corsey was convicted of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343 and 1349.  On appeal, he challenges the District Court's denial of his motion to sever, the sufficiency of the trial evidence, the District Court's subject matter jurisdiction, and his sentence.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.    Severance

Corsey first argues that the District Court erred by denying his motion to sever his trial on the ground that his "role in the organization and his interests" differed from those of his co-defendants at trial.  We review the denial of a motion to sever for abuse of

discretion, United States v. Sampson, 385 F.3d 183, 190 (2d Cir. 2004), recognizing that "there is a preference in the federal system for joint trials of defendants who are indicted together," United States v. Blount, 291 F.3d 201, 208-09 (2d Cir. 2002) (quotation marks omitted), and that a denial of a severance motion "will be reversed only if a defendant can show prejudice so severe that his conviction constituted a miscarriage of justice," United States v. Diaz, 176 F.3d 52, 102 (2d Cir. 1999) (quotation marks omitted).

We reject Corsey's argument. First, with respect to Corsey's role in the organization, we have observed that "differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." United States v. Chang An-Lo, 851 F.2d 547, 557 (2d Cir. 1988) (quotation marks omitted). Second, even if the evidence adduced at trial supported Corsey's characterization of his role as "low-level" and "secretarial," his defense was not so antagonistic to those of the other defendants that he suffered prejudice. See Zafiro v. United States, 506 U.S. 534, 538-39 (1993). Our own review of the record convinces us that this is not a case where the jury, in order to believe one defendant's testimony, would have to disbelieve the testimony of a co-defendant. See United States v. Carpentier, 689 F.2d 21, 28 (2d Cir. 1982). Corsey's argument on appeal therefore constitutes nothing more than a simple assertion of "some antagonism," which "does not require severance." Id. at 27-28. Accordingly, the District Court did not err in denying Corsey's motion for severance.[1]

---

[1] Corsey also asserts that "there was exculpatory evidence that was su[p]pressed as [a] result of the Appellant being tried with his co-defendants. The evidence would have

3

II.    Sufficiency of the Evidence

We review de novo Corsey's claim of insufficiency of the evidence. United States v. Sabhnani, 599 F.3d 215, 241 (2d Cir. 2010). "A defendant challenging the sufficiency of trial evidence bears a heavy burden, and the reviewing court must view the evidence presented in the light most favorable to the government and draw all reasonable inferences in the government's favor." United States v. Gagliardi, 506 F.3d 140, 149 (2d Cir. 2007) (quotation marks omitted). We will affirm the conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Moreover, "deference to the jury's findings is especially important" in the context of a charge of conspiracy, conduct that by its nature is secretive. United States v. Rojas, 617 F.3d 669, 674 (2d Cir. 2010) (quotation marks omitted).

With these principles in mind, we have no trouble concluding that the trial evidence was sufficient to sustain Corsey's conviction for conspiracy to commit mail and wire fraud. Among other things, the evidence showed that Corsey told Thomas Re that: (1) Corsey was the chief operating officer and a member of the Board of Directors of the Magnolia International Bank and Trust ("MBT"), the purported assets of which he described; (2) MBT was involved in a joint venture to build an oil pipeline in Siberia; and (3) MBT sought a $3 billion loan to be secured by United States treasury notes worth $5 billion

been available to the Appellant if he had been tried separately." Nowhere, however, does Corsey describe the nature of this evidence, and the Government has averred that it is unaware of any such evidence.

4

located at Credit Suisse Bank in Austria. Other evidence established that MBT was not a legitimate bank and did not have the collateral or assets that Corsey described. In sum, the evidence showed that Corsey knew about the scheme to obtain a $3 billion loan and intended to participate in it by providing documents and information to Re.

III.     Subject Matter Jurisdiction

Corsey next argues that the District Court lacked subject matter jurisdiction to sentence him for three reasons: (1) "there is no[t] and never was a hedge fund" actually interested in loaning MBT $3 billion, and thus no possibility of any hedge fund being defrauded; (2) he was entrapped by a confidential informant working with the Government; and (3) "the government failed to show that the purported banking organization was FDIC insured." We reject all three arguments.

First, impossibility is not a defense to a conspiracy charge. Rather, "[t]he crime of conspiracy is complete upon the agreement to violate the law, as implemented by one or more overt acts, and is not at all dependent upon the ultimate success or failure of the planned scheme." United States v. Trapilo, 130 F.3d 547, 552 n.9 (2d Cir. 1997) (alteration and quotation marks omitted); see United States v. Wallach, 935 F.2d 445, 470 (2d Cir. 1991) ("[I]t does not matter that the ends of the conspiracy were from the beginning unattainable," as "[i]mpossibility . . . is not a defense to a conspiracy charge.") (quotation marks omitted).

Second, "[e]ntrapment is an affirmative defense that [Corsey] must show by a preponderance of the evidence." United States v. Bala, 236 F.3d 87, 94 (2d Cir. 2000).

5

"The defense has two elements: (1) government inducement of the crime, and (2) lack of predisposition on the defendant's part." Id. (quotation marks omitted). The evidence at trial revealed that Corsey and his associates initiated the scheme, made several unprovoked representations to Re, and solicited a loan. There was no evidence showing that the Government "set the accused in motion." United States v. Brand, 467 F.3d 179, 190 (2d Cir. 2006) (quotation marks omitted).

Finally, relying on United States v. Alexander, 679 F.3d 721 (8th Cir. 2012), Corsey asserts that the Government failed to show that the "purported banking organization was FDIC insured." In Alexander, however, the statute at issue was 18 U.S.C. § 1014, which requires the Government to prove that the defendant "knowingly made a false statement to an FDIC-insured institution." Id. at 726. There is no such requirement in the mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343, that Corsey was convicted of conspiring to violate.

IV.    Sentencing

Corsey's final argument is that the District Court at sentencing failed to properly evaluate the factors set forth in 18 U.S.C. § 3553(a). Because Corsey did not raise this argument before the District Court, we review for plain error. United States v. Cassesse, 685 F.3d 186, 188, 192 (2d Cir. 2012); United States v. Villafuerte, 502 F.3d 204, 207-08, 211 (2d Cir. 2007). We need not address Corsey's argument relating to § 3553(a), however, because we agree with the Government that the District Court failed to "state in open court the reasons for its imposition of the particular sentence" in accordance with §

6

3553(c)(1), and that its failure to do so constituted plain error. Corsey's sentence is vacated, and the case is remanded to the district court for resentencing. See United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

We have considered Corsey's remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's judgment is AFFIRMED in part, Corsey's sentence is VACATED, and the case is REMANDED to the District Court for resentencing in compliance with 18 U.S.C. § 3553(c).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk