14-2641-cr
United States v. Barrett

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand eighteen.

PRESENT:  RALPH K. WINTER,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,

          v.                                          No. 14-2641-cr

DWAYNE BARRETT, AKA Sealed Defendant 3, AKA Tall Man,
                    *Defendant-Appellant*,

FAHD HUSSAIN, AKA Ali, AKA Moe, TAMESHWAR SINGH, AKA Sealed Defendant 5, SHEA DOUGLAS, JERMAINE DORE, AKA St. Kitts, AKA Blaqs, TAIJAY TODD, AKA Sealed Defendant 4, AKA Biggs, DAMIAN CUNNINGHAM, AKA Jaba,
                    *Defendants*.*
-----------------------------------------------------------------------

_____

* The Clerk of Court is directed to amend the caption as set forth above.

APPEARING FOR APPELLANT: KELLEY J. SHARKEY, ESQ., Brooklyn, New York.

APPEARING FOR APPELLEE: MICHAEL D. MAIMIN, Assistant United States Attorney (Amy R. Lester, Jessica A. Masella, Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 18, 2014, is AFFIRMED.

Defendant Dwayne Barrett was convicted after a jury trial of multiple Hobbs Act robberies and related firearms offenses, and sentenced to a total prison term of 90 years. *See* 18 U.S.C. §§ 924(c), 924(j), 1951. On appeal, Barrett challenges (1) the constitutionality of his firearms convictions; (2) the district court's admission of (a) data seized from his cell phone without a warrant, and (b) a music video depicting him participating in a staged armed robbery; and (3) application of the mandatory, consecutive sentencing provisions of § 924(c) to his § 924(j) conviction. Barrett raises additional arguments in supplemental *pro se* briefs. In a published opinion filed today, we reject the first argument as meritless. We address all other arguments in this summary order, assuming the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

1.    Evidentiary Challenges

    a.    Cell Phone Data

The district court denied Barrett's motion to suppress incriminating evidence obtained from a warrantless search of his cell phone, finding the search supported by Barrett's voluntary consent.   We review this factual determination for clear error, taking into account the totality of the circumstances and viewing the evidence in the light most favorable to the government.   *See United States v. Moreno*, 701 F.3d 64, 76 (2d Cir. 2012) (stating that test is whether consent is product of "essentially free and unconstrained choice . . . as opposed to mere acquiescence in a show of authority" (citation and internal quotation marks omitted)); *see also Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973) (inquiring whether defendant's will "has been overborne").

Barrett does not dispute that he twice unlocked his phone in response to requests by NYPD Detective Kruse. [1]    Rather, Barrett asserts that his consent was rendered involuntary by "overbearing police authority," pointing out that when police stopped his car, Kruse had his gun drawn, and that Barrett was then handcuffed and frisked, not read his *Miranda* rights, and questioned at the precinct for upwards of six hours when he unlocked his phone.   Appellant's Br. 22.   The district court acknowledged these factors, but weighed them against others, specifically, that Barrett (1) was told he was not under

---

[1] While Barrett challenges Kruse's credibility, the district court explicitly credited the officer's testimony, a determination to which we accord "special deference."   *United States v. Bershchansky*, 788 F.3d 102, 108 (2d Cir. 2015) (internal quotation marks omitted).

3

arrest[2]; (2) was not, in fact, arrested that day; (3) was not handcuffed when questioned or when he agreed to unlock his phone; (4) was offered something to eat and drink, and was "very calm" and "cooperative"; and (5) was accommodated in making arrangements for child care. App'x 65–66. To the extent the cited factors pointed in different directions on the issue of voluntariness, it was the district court's task to decide what weight each would bear. *See United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004). We cannot conclude that its preponderance finding of voluntariness was outside the realm of permissible choices so as to be clearly erroneous. *See United States v. Snype*, 441 F.3d 119, 131 (2d Cir. 2006) (noting that government must prove voluntariness by preponderance of evidence).

Nor did the district court clearly err in finding that Barrett's consent was not limited in scope. Barrett having twice unlocked his phone and said "OK" in handing it to Kruse, Suppl. App'x 8, a reasonable person would not have had "cause to believe that the search [was] limited in some way," *United States v. Snow*, 44 F.3d 133, 135 (2d Cir. 1995); *accord United States v. Isiofia*, 370 F.3d at 231. Nor is a different conclusion compelled by Barrett's later refusal to give ATF Agent Zeppieri consent to search, given Barrett's simultaneous confirmation of his earlier consent to Kruse.

---

[2] The district court made no finding as to whether Barrett was, in fact, free to leave, *see generally United States v. Newton*, 369 F.3d 659, 675–77 (2d Cir. 2004), and that question is not before us on this appeal, *see United States v. Moreno*, 701 F.3d at 77 ("We have repeatedly observed that neither the fact that a person is in custody nor that []he has been subjected to a display of force rules out a finding of voluntariness.").

Because the district court's finding of consent to search was not clearly erroneous, we reject Barrett's evidentiary challenge on the merits.[3]

b.      Music Video

Barrett challenges admission of a music video, arguing that its probative value was substantially outweighed by the clear danger that the jury would conflate its "story" with the charged robberies, Appellant's Br. 30; and that its "intentionally inflammatory" nature would cause unfair prejudice, *id.* at 32.   *See* Fed. R. Evid. 403.   "We accord a district court's evidentiary rulings deference, and reverse only for abuse of discretion," *United States v. Cuti*, 720 F.3d 453, 457 (2d Cir. 2013), which is not evident here.

We review a Rule 403 determination by maximizing the probative value of the evidence and minimizing its prejudicial effect.   *See United States v. Abu-Jihaad*, 630 F.3d 102, 132 (2d Cir. 2010).   In this case, the video was probative of Barrett's (1) association with two of his co-conspirators, (2) use of the same Mercedes driven in the charged robberies, and (3) co-conspirators' possession of guns, which was relevant to Barrett's alleged aiding and abetting of the charged firearms crimes.   *See United States v. Pierce*, 785 F.3d 832, 841 (2d Cir. 2015) (holding that rap video was properly admitted under Rule 403 to show defendant's animosity toward rival gang and association with co-conspirators).   Barrett insists this evidence was cumulative because his association with

---

[3] Insofar as Barrett argues that his cellphone was seized incident to an unlawful arrest, *see* Appellant's Br. 26; *Pro Se* Suppl. Br. 6–9, or other illegal action, *see Pro Se* Suppl. Br. 10– 12, we decline to review these arguments because Barrett (1) failed to move for suppression on these grounds before trial, *see* Fed. R. Crim. P. 12(b)(3)(C); and (2) has not demonstrated cause to excuse such failure, *see* Fed. R. Crim. P. 12(c)(3).

co-conspirators and use of the Mercedes were "uncontested." Appellant's Br. 33. The district court, however, ruled that he failed to make sufficiently clear at the appropriate time that these facts were not in dispute, *see* App'x 89–90; *United States v. McCallum*, 584 F.3d 471, 475–76 (2d Cir. 2009), and Barrett identifies no error in this conclusion. Further, the district court acted within its discretion in concluding that the danger of unfair prejudice or confusion from the video did not substantially outweigh its probative value.

No different conclusion is warranted even if, as Barrett insists, the video's admission was governed by Rule 404(b). As the district court observed, the video was admissible for reasons other than propensity, notably, (1) Barrett's *opportunity* to commit the charged crimes because of his access to firearms and his possession and control over the Mercedes; (2) Barrett's *identity*, as revealed by the robbery crew's *modus operandi*, whereby Barrett used the Mercedes to serve as getaway driver for armed robberies involving masks and guns, *see United States v. Sampson*, 385 F.3d 183, 192 n.7 (2d Cir. 2004); and (3) Barrett's *knowledge* of robbery crew members and their *modus operandi*. *See* Fed. R. Evid. 404(b)(2). Further, Barrett did not request any limiting instruction regarding the video, and he cannot demonstrate that the district court's failure to, *sua sponte*, give such a charge constituted plain error affecting his substantial rights. *See United States v. Paulino*, 445 F.3d 211, 216 n.1 (2d Cir. 2006).

Accordingly, we discern no abuse of discretion in the admission of the video under either Rule 403 or Rule 404(b).[4]

2.      Sentencing Challenge

Barrett argues that imposition of a 25-year consecutive sentence for the firearms offense resulting in death (Count Seven) manifests procedural error because 18 U.S.C. § 924(j) does not incorporate § 924(c)'s penalty enhancements, *see id.* § 924(c)(1)(C)(i), or mandatory consecutive sentencing, *see id.* § 924(c)(1)(D)(ii).   Although we review challenges to the district court's statutory interpretation *de novo*, *see United States v. Cassesse*, 685 F.3d 186, 188 (2d Cir. 2012), Barrett's claim does not merit extensive discussion.

In sentencing Barrett under § 924(j), the district court cited *United States v. Young*, 561 F. App'x 85, 93–94 (2d Cir. 2014), a non-precedential summary order construing § 924(j) to incorporate the § 924(c) penalty enhancements.   Other panels of this court recently reached the same conclusion, again summarily.   *See United States v. Ventura*, No. 15-2675, 2018 WL 3814729, at *2 (2d Cir. Aug. 10, 2018); *United States v. Nina*, 734 F. App'x 27, 36 (2d Cir. 2018).   While Barrett urges us to reject *Young*'s, *Ventura*'s, and *Nina*'s reasoning, we are not persuaded.   In any event, if, as Barrett urges, § 924(j) establishes a separate offense not subject to § 924(c)'s enhancements, Count Six—which charged a § 924(c) violation for the same death-resulting firearms use—would not be a

---

[4] Whether the video is entitled to First Amendment protection as artistic expression is irrelevant because "the speech is not itself the proscribed conduct." *United States v. Pierce*, 785 F.3d at 841 (internal quotation marks omitted).

7

lesser-included offense of Count Seven and, thus, would itself have required imposition of a consecutive sentence of at least 25 years on Count Six. *See* 18 U.S.C. § 924(c)(1)(C)(i), (D)(ii). Consequently, because the district court was obliged to impose a consecutive sentence of at least 25 years on Count Six if not Count Seven, Barrett's urged procedural error was necessarily harmless. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009).[5]

3. *Pro Se* Arguments

Barrett advances additional arguments in his *pro se* briefs. Each is meritless.

a. Cell-Site Evidence

Barrett argues that FBI Agent Magnuson should not have been permitted to testify as an expert regarding cell-site evidence because he never personally measured the coverage radius of the cell towers at issue. This argument fails because the record shows that Magnuson did not testify as an expert under Fed. R. Evid. 702 but, rather, as a lay witness under Rule 701. Nor did the district court abuse its discretion in determining that Magnuson's testimony, offered to explain the maps he prepared from data provided by Barrett's cell-service providers, would not implicate "scientific, technical, or other specialized knowledge" so as to fall within the scope of Rule 702. Fed. R. Evid. 701(c); *see United States v. Rigas*, 490 F.3d 208, 222 (2d Cir. 2007). Barrett's qualitative challenge to Magnuson's lay testimony is unavailing because he "had ample opportunity

---

[5] Thus, we also need not address Barrett's argument that the consecutive 25-year sentence imposed on Count Seven created an unwarranted sentencing disparity with his codefendant.

to challenge [its] factual accuracy" at trial, *United States v. Cuti*, 720 F.3d at 461, and, in any event, offered the same summary testimony himself.

b.      Disclosure Obligations

Barrett claims the government failed to comply with its disclosure obligations under 18 U.S.C. § 3500, *Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963), in not disclosing that witness Abdullah had served as a confidential informant for more than a decade, or that Abdullah was testifying pursuant to an agreement with the government.   The argument is defeated by the record, which reveals both the government's disclosure of information about Abdullah's informant status and the parties' elicitation of such information on both direct and cross-examination.

c.      License Plate Evidence

Barrett contends that certain evidence generated by license-plate-recognition technology was "extremely unreliable," and, therefore, should not have been admitted. *Pro Se* Suppl. Br. 26.   His specific claim—that the government failed to authenticate a commercial database printout locating his Mercedes at the site of the charged firearms death—is contradicted by testimony from which the district court properly authenticated the document as a business record.   *See United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007) (identifying authentication standard as one of "reasonable likelihood" (quoting *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999)) (citing Fed. R. Evid. 901(a))).   Nor, in the absence of evidence of database overlap, is there any support for Barrett's argument

9

that the privately-owned database was unreliable because the NYPD's database did not independently record Barrett's car at that same time and location.

d.   Government Summation

Barrett's summation challenge relies on an argument already rejected by this court in the appeal of his codefendant. *See United States v. Dore*, 586 F. App'x 42, 45–46 (2d Cir. 2014). For the same reasons stated in that order, we conclude that, to whatever extent the prosecutor's remark—asking "whether [defendants' counsel's] attempt to have any explanation whatsoever for some of the most devastating evidence in this case"— impermissibly shifted the burden of proof from the government to the defense, *see* Tr. 1802–03, the district court's subsequent instructions, to which Barrett did not object, adequately mitigated any error, plain or otherwise. *See United States v. Dore*, 586 F. App'x at 45 n.1; *see also United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011) (discussing legal standard).

e.   Aiding and Abetting Liability

Barrett's sufficiency challenge to his § 924(c) and § 924(j) convictions (Counts Two, Four, Six, and Seven)—resting in part on a claim of deficient aiding and abetting jury instructions in light of *Rosemond v. United States*, 572 U.S. 65 (2014)—fails on the merits. To sustain these convictions, the evidence had to permit a reasonable jury to find that Barrett (1) personally violated § 924(c)(1)(A); (2) aided and abetted another's § 924(c)(1)(A) violation; or (3) was liable under *Pinkerton v. United States*, 328 U.S. 640 (1946), for his co-conspirator's reasonably foreseeable use of firearms. *See United States*

10

*v. Masotto*, 73 F.3d 1233, 1240–41 (2d Cir. 1996) (identifying aiding and abetting and *Pinkerton* as distinct theories for § 924(c) liability).

Here, the district court instructed the jury, consistent with the law at the time, that, as to aiding and abetting, it "must find that the defendant performed some act that facilitated or encouraged the actual using, carrying of, or possession of the firearm in relation to the underlying crime." Dist. Ct. Dkt. #183, Trial Tr. 1929; *see United States v. Medina*, 32 F.3d 40, 45 (2d Cir. 1994). Trial evidence supported such a jury finding. Specifically, Barrett brandished a gun during the October 29, 2011 Ahmed and Kassim Salahi robbery that is the basis for his Count Three substantive Hobbs Act conviction and Count Four firearms conviction. Further, he drove himself, as well as two confederates armed with guns, to the site of the December 12, 2011 Gamar Dafalla robbery-murder that is the basis for his Count Five substantive Hobbs Act conviction, Count Six firearms conviction, and Count Seven firearms-murder conviction. This supported aiding and abetting culpability as detailed in *Rosemond v. United States*, 572 U.S. at 67 (holding aiding and abetting of § 924(c) crime proved where defendant (1) actively assisted underlying offense, or use, carry or possession of firearm; (2) with advance knowledge of that firearm-related conduct); *United States v. Prado*, 815 F.3d 93, 105 (2d Cir. 2016) (holding *Rosemond* requirements satisfied where evidence showed that "after the gun appeared, [defendant] continued to play an active role in the crime"); *United States v. Cain*, 671 F.3d 271, 302–

11

03 (2d Cir. 2012) (requiring "review [of] the evidence in the light most favorable to the government" in assessing sufficiency challenge).

In any event, even if evidence of Barrett's foreknowledge of the gun in the felony murder robbery were insufficient to demonstrate aiding and abetting, it was sufficient to show that firearms use was reasonably foreseeable to Barrett to establish culpability under *Pinkerton*. *See United States v. Masotto*, 73 F.3d at 1239 (holding that "[u]nder the *Pinkerton* theory of liability, a conspirator can be held responsible for the substantive crimes committed by his co-conspirators to the extent those offenses were reasonably foreseeable consequences of acts furthering the unlawful agreement" (internal quotation marks omitted)). After all, when Barrett brandished a firearm in the October 29, 2011 Salahi robbery, Dore had done likewise. Barrett's challenge to the district court's § 924(c) instructions—that the jury could convict Barrett even if he did not "use[]" or "carr[y]" a firearm, *see* 18 U.S.C. § 924(c)—fails for the same reason, *see generally Hedgpeth v. Pulido*, 555 U.S. 57, 61 (2008) (applying harmless error standard where jury returned guilty verdict after being instructed on alternative theories of guilt, one of which was erroneous).

5.    Conclusion

We have considered Barrett's remaining counseled and *pro se* arguments, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12